UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANIL HOMILY,

        Plaintiff,

v.                              Case No. 04-C-669

JOHN KLUGIEWICZ,

        Defendant,

## ORDER

Plaintiff Anil Homily, who is incarcerated at the State Correctional Institution Laurel Highlands in Somerset, Pennsylvania, filed this civil rights action in the United States District Court for the Middle District of Pennsylvania. The complaint, which was filed pursuant to 42 U.S.C. § 1983, named as defendants two state officials, who were subsequently dismissed, and John Klugiewicz, a federal official. Considering plaintiff's pro se status, the complaint was liberally construed as brought under 42 U.S.C. § 1983, which creates a cause of action against state actors only, with respect to the state officials, and under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which recognizes a cause of action for violations of civil rights by federal officials, with regard to defendant Klugiewicz.

The case was transferred to this district on July 12, 2004. On September 8, 2005, I granted defendant John Klugiewicz's motion for summary judgment and judgment was entered dismissing this case. On September 21, 2005, plaintiff filed Plaintiff's Motion for Re-Argument the Court's Order to Dismiss Premised on Factual Error.

In his motion for re-argument, plaintiff asks that I reconsider my decision granting summary judgment to defendant. A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under Rule 59 or Rule 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted).

The prison "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), applies to Rule 59 motions. Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001). Under the mailbox rule, plaintiff's motion is considered filed on the date it was delivered to prison authorities for mailing. Here, plaintiff's motion was delivered to prison authorities on September 16, 2005. (See Certification of Mailing.) Therefore, plaintiff's motion is properly considered under Rule 59(e).

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error

2

law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion to re-argue, plaintiff contends:

> It is clear from the Court's Opinion key elements relative to time line of events and the gaps in chronological relevance have skewered the facts.
>
> Should the Court acknowledge the abundance of liberties taken by the Defendants; in issuing accusations and the serpentine steps taken to bolster the falsehoods it is hoped the Court will allow this action to proceed with accurate chronological events and the certainty the average man when confronted with the true facts and not the Defendant's misconstruction, will favour [sic] this Petitioner.

(Pl.'s Mot. for Re-argument at 9.)

The court's September 8, 2005, Decision and Order found that defendant Klugiewicz was entitled to qualified immunity because plaintiff failed to assert a violation of a constitutional right and because even if plaintiff could show that defendant deprived him of a protected liberty or property interest, he had not shown that such right was clearly established at the time defendant acted. Plaintiff claimed that defendant Klugiewicz, an FBI agent, interfered with plaintiff's "constitutional right to do business without baneful Governmental interference[.]" (Court Order of September 8, 2005, at 9.) Plaintiff alleged that defendant, who in 1995 was part of a joint Federal-State investigation into crimes

3

allegedly committed by plaintiff, including fraud, murder and using false social security numbers, impeded plaintiff's lawful business endeavors.[1]

In granting defendant's motion for summary judgment, I found that two Supreme Court cases doomed plaintiff's claims. See Paul v. Davis, 424 U.S. 693, 712 (1976) (holding that injury to reputation, without more, does not implicate due process); Siegert v. Gilley, 500 U.S. 226, 231, 234 (1991) (holding that the plaintiff failed to allege the violation of a clearly established constitutional right because defamation, by itself, is a tort actionable under the

---

[1] In support of his claim that defendant Klugiewicz violated his rights, plaintiff relied on two pages of a report by Pennsylvania State Trooper Biondo, "Homicide Investigation Action Report." It was completed by Biondo on October 20, 1995, and states in full:

> This RO was contacted by SA KLUGEWICZ [sic] of the Phoenix, AZ, FBI office. SA KLUGEWICZ related to RO that he was concerned that HOMILY would flee to Mexico. SA KLUGEWICZ advised that HOMILY still had business associates in the United States that were currently negotiating a land deal for properties in Prescott, AZ, Au Sable Forks, NY, and Nassau, Bahamas. SA KLUGEWICZ stated that HOMILY had been using a false social security number during these business transactions and it was his belief that once HOMILY secured significant capital from his business associates he would disappear.
>
> SA KLUGEWICZ advised RO that he'd attempted to secure HOMILY by contacting the Procuraduria General de la Republica (PGR), and the Transito Police in Manzanillo, Mexico. SA KLUGEWICZ stated that both agencies were uncooperative. SA KLUGEWICZ suggested that RO contact HOMILY's business associates and advise them that HOMILY is wanted for murder, and should any further business transactions occur, they would be arrested for conspiracy to murder, obstruction of justice, and harboring a fugitive.
>
> Form attached to this report.

(Pl.'s Ex. 1 at 1.) The attached form, also completed by Biondo and also dated October 20, 1995, states, "RO contacted Robert WALRAVEN to advise him that he could be implicated in a murder that Anil HOMILY committed in Pennsylvania, therefore, should any business relations with HOMILY continue, including, phone calls, faxes, or money transactions, WALRAVEN would be arrested for harboring a fugitive wanted for murder." (Id. at 2.)

4

laws of most states, but not a constitutional deprivation). I also rejected plaintiff's remaining arguments. First, I rejected plaintiff's argument that because Klugiewicz's statements concerning plaintiff using false social security numbers and being wanted for murder can be shown to be false, plaintiff should prevail in his suit. I explained that

> [t]he argument might be valid as a matter of state defamation law, but the Supreme Court has held that even false statements that damage reputation do not violate the Constitution. See Paul, 424 U.S. at 712. In any event, although it is undisputed that defendant Klugiewicz advised Biondo that plaintiff was using false social security numbers and was wanted for murder, and "suggested" to Biondo that plaintiff's business associates be advised that plaintiff was wanted for murder, (Pl.'s Ex. 1 at 1), it is also undisputed that plaintiff was in fact wanted for murder, that on June 22, 2000, he was convicted of third degree murder, and that plaintiff admitted the use of false social security numbers in the revocation proceeding.

(Court's Order of September 8, 2005, at 13-14.)

Second, I rejected plaintiff's argument that defendant's conduct damaged his reputation and caused the loss of business opportunities concluding that courts have uniformly "rejected the notion that Paul's 'reputation plus' standard is met by proof of lost business opportunities" and that therefore, plaintiff failed to allege a deprivation of a protected liberty interest. (Id. at 14.)

Finally, I explained that discovery would not help plaintiff because "[e]ven if he could obtain evidence casting doubt on Klugiewicz's statements, this does not change the fact that plaintiff's allegations do not implicate the Constitution." (Id. at 15.)

In support of his motion for re-argument, plaintiff contends that 1) "the charges (dismissed with prejudice) stemming from the social security number are the result of fiction from SA Klugiewicz"; and 2) defendant "knew there was no basis in reality or law for the allegations" against plaintiff for murder. (Pl.'s Mot. at 4, 7.)

5

Plaintiff's motion appears to be an attempt to re-argue issues that were settled in the summary judgment decision. He does not cite to any case law or to the record. The arguments in plaintiff's motion for re-argument do not demonstrate that the court's September 8, 2005, Decision and Order granting defendant Klugiewicz's motion for summary judgment contains a manifest error of law or fact. In addition, plaintiff has not identified any newly discovered evidence or an interning change in controlling law. Nor has he convinced me that reconsideration is necessary to prevent manifest injustice. Therefore, plaintiff's motion will be denied.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for re-argument (Docket #102) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26 day of May, 2006.

/s_____
LYNN ADELMAN
District Judge